EFFIE K. SCHROEDER, Appellant, v. STATE BANK OF BLAIRSBURG.

**Judgments:** CONCLUSIVENESS. The husband of plaintiff was a party to a suit on certain collateral notes held by the plaintiff bank, but which had been assigned to this plaintiff without the bank's knowledge. One of the defendants in that action pleaded a

counterclaim, but plaintiff's husband disclaimed any interest in the notes, and there being no defense to the counterclaim a part of the same was allowed and judgment was entered for the balance due on the notes.   The husband had acted as plaintiff's agent in all other matters connected with the notes.   *Held*, that plaintiff in this action against the bank for an accounting on the notes is precluded by the judgment establishing the counterclaim from requiring the bank to account to him for the amount thereof.

*Appeal from Hamilton District Court.*—Hon. W. D. Evans, Judge.

Saturday, June 5, 1909.

Rehearing Denied Wednesday, September 29, 1909.

Action in equity for an accounting.   There was a judgment for the defendant.   The plaintiff appeals.— *Affirmed.*

*D. C. Chase,* for appellant.

*W. J. Covil,* for appellee.

Sherwin, J.—In the fall of 1903 the Schroeder Hardware Company sold its stock of goods to C. M. Powers, taking in partial payment therefor three notes signed by himself, W. F. and Sarah Powers.   At the time of this sale the hardware company was indebted to the State Bank of Blairsburg, and the bank took one of the Powers notes as partial payment, and the other two were placed with it as collateral security for the debt of the hardware company.   The two notes which were thus given to the bank as collateral security were assigned to the plaintiff herein in July, 1904, while they were still in the hands of the bank.   The notes had previously been assigned by the hardware company to H. E. Schroeder, and

of that assignment the bank had been duly notified. It, however, did not know of the assignment thereof to the plaintiff until this suit was brought in February, 1908. In the fall of 1904, E. E. Schroeder, who is the plaintiff's husband and a son, H. E. Schroeder, went to the bank and asked it to commence an attachment suit on the Powers notes, and the bank did so. Sarah Powers, one of the signers of the notes, filed in said cause a counterclaim asking damages for the wrongful suing out of the writ of attachment and for fraud and misrepresentations as to the stock of goods for which the notes were given. H. E. and E. E. Schroeder were at once notified of this counterclaim and asked to defend against it. They were also made parties defendant thereto by proper notice. They made no appearance, however, and both filed written disclaimers of any interest in the notes or suit. Thereafter the makers of the notes produced evidence in support of their claim of damages for fraud in the sale of the hardware stock to them and abandoned their claim of damages for the wrongful issuance of the attachment. A part of the counterclaim was allowed, and judgment was rendered in favor of the bank for the balance due on the Powers notes.

The defendant herein pleaded the judgment in its case on the Powers notes as an adjudication against the plaintiff's claim for an accounting, and such plea presents the only real issue in this case. It is easily disposed of. The bank was not an innocent holder before maturity for the reason that the notes were not indorsed to it until after suit was commenced, and the notes were subject to existing defenses in favor of the makers. When the counterclaim was made, the bank did all that it could do to induce the payees and indorsees of the note, so far as it had knowledge thereof, to come in and make defense to said counterclaim. It did not know the plaintiff in the transaction and had no privity of contract with her; but the record does show that the plaintiff's husband, E. E. Schroeder, had

transacted all of the business in connection with the notes in suit.  He instituted the suit thereon in the plaintiff's interest and acting for her.  He formally indorsed the notes after the suit was commenced and employed counsel to look after the plaintiff's interest in the litigation between the bank and the makers of the notes.  The judgment in that case determined the rights of the bank, the hardware company, and H. E. Schroeder.  The plaintiff's husband was surely her agent as to all other matters connected with the notes, and she can not now be heard to say that notice to him was not notice to her, and that the bank must account to her for the full amount due on the notes, notwithstanding the fact that they never received any such sum.  The plaintiff chose to remain quiet when she had notice of the counterclaim, and she can not in good conscience now ask that the bank be compelled to suffer because it did not make a defense that she should have made.

The judgment is right, and it is *affirmed.*

EVANS, J., taking no part.